UNITED STATES METALLIC PACKING Co. *v.* TRIPP.

*(Circuit Court, D. Massachusetts. June 11, 1887.)*

PATENTS FOR INVENTIONS—IMPROVEMENTS IN PISTON-ROD PACKING—INFRINGE-
MENT.

In 1882 an injunction was granted, and final decree made, restraining the defendant, Thomas Tripp, from infringing reissued letters patent No. 9,365, granted August 31, 1880, to Martin Schneble, for improvements in piston-rod packing. The packing made by defendant, when so restrained, had two disks placed at the head of the stuffing-box, one with a concave recess, and the other with a convex projection which fitted into the recess. By means of this arrangement, the packing was capable of a rocking or oscillating movement, and could so accommodate itself to a bent piston or to a rod not set parallel with the axis of the steam cylinder. The defendant afterwards made packing with a changed form of disks, one having a conical projection, and the other a beveled edge fitting over the projection. The result was the same in producing a rocking or oscillating movement, although imperfectly. *Held,* that the change was colorable only, and that an injunction should be granted to restrain such manufacture.

In Equity.
*Browne & Browne,* for complainant.
*C. C. Morgan,* for defendant.

COLT, J. This is a motion for a preliminary injunction to restrain the defendant from infringing reissued letters patent No. 9,365, granted August 31, 1880, to Martin Schneble, for improvements in piston-rod packing. In 1881 the assignor of the plaintiff corporation, and having the same name, brought a bill in equity for an infringement of this patent against the present defendant and the Hancock Inspirator Company. To this bill the defendant, Tripp, filed an answer, denying infringement, denying the novelty of the patented invention, and denying that the reissue was for the same invention as the original patent. In January, 1882, a final decree was entered by consent for nominal damages, and without costs, and for an injunction restraining the defendants from making, using, or selling any metallic packing infringing the reissued patent. Upon this state of facts, it is not open to the defendant on the present motion to deny the validity of the Schneble patent. The only

question properly before the court at the present hearing is whether the piston-rod packing which the defendant now makes is substantially the same as that which he has been enjoined by this court from making.

The former packing made by the defendant had two disks placed at the head of the stuffing-box, one with a concave recess, and the other with a convex projection which fitted into the recess. By this means the packing was capable of a rocking or oscillating movement, and so could accommodate itself to a bent piston or to a rod not set parallel with the axis of the steam cylinder. In the piston packing the defendant now makes, he has changed the form of the disks. He has one disk with a conical projection, and the other disk with a beveled edge which fits over the projection. The result is the same, namely, a rocking or oscillating movement, though it is a more imperfect device than the other. The form is different, but the things are substantially the same. It is a mere colorable change, and therefore cannot relieve the defendant.

The motion for an injunction should be granted, and it is so ordered.